Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION**
**TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**April 22, 2016**

Name of Offender: **Matthew Nicholas**

Case Number: **2:13CR00207**

Name of Sentencing Judicial Officer: **Honorable Kent J. Dawson**

Date of Original Sentence: **January 29, 2014**

Original Offense: **Unlawful Possession of a Firearm**

Original Sentence: **37 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **February 26, 2016**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

1. **Alcohol Abstinence** - You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

2. **Home Confinement with Location Monitoring** - You shall be confined to home confinement with location monitoring, if available, for a period of 90 days. Additionally, the offender shall assume all costs associated with the location monitoring as directed by the probation officer.

## CAUSE

The above-named offender's term of supervised release commenced on February 26, 2016, however, the undersigned has been very involved with monitoring the offender since the pre-release stage, while Nicholas was still under the custody of Bureau of Prisons. The undersigned learned Nicholas was sent back to closer custody in November 2015, for using cocaine.

RE: Matthew Nicholas

Prob12B
D/NV Form
Rev. June 2014

On April 20, 2016, Nicholas was assessed for substance abuse treatment and it was determined by the counseling agency that he has a "severe" cocaine problem. This information is no surprise to the probation office, as Nicholas has tested positive for cocaine on numerous occasions.

On March 28, 2016, Nicholas was instructed to report to the probation office to provide a urine test, as he had failed to report for testing on March 27, 2016. His test was presumptive positive for cocaine. Nicholas admitted he used cocaine on March 26, 2016, and signed an admission form attesting to such.

On April 5, 2016, Nicholas failed to provide a urine sample, as directed by the probation office. He was called in on April 6, 2016, to provide a test, which tested presumptive positive for cocaine. This test was sent to the national laboratory, Alere, for confirmation testing, however, the sample leaked during the shipping process. Thus, there was not enough urine left for testing purposes. Nicholas provided a urine test on April 11, 2016, during a home contact at his listed address. This sample tested presumptive positive for cocaine. Nicholas adamantly denied using drugs. Transfer supplies were not available during this home contact, therefore it was not sent in for confirmation. The undersigned warned Nicholas that it was suspected he was doing something illegal, and if that was the case, it was suggested he stop.

On April 18, 2016, Nicholas provided a urinalysis which tested presumptive positive for cocaine. This test was confirmed positive by Alere and the results were received on April 22, 2016. Nicholas was confronted about this test, and admitted he used cocaine on April 16, 2016, while drinking at a bar with friends. He signed an admission form attesting to such.

It is noted Nicholas was referred for treatment on March 4, 2016. He was scheduled to attend his intake assessment on two separate occasions: March 21, 2016, and April 11, 2016. Nicholas failed to attend both scheduled intakes. The undersigned rescheduled an intake substance abuse assessment for April 20, 2016, which he both attended, and actively participated in.

Nicholas is currently residing with his mother, step-father, and two step-sisters. He would like the chance to attend substance abuse counseling and get the help he needs. He admits that he usually uses cocaine while under the influence of alcohol.

The undersigned explained the waiver of hearing form to Nicholas and informed him of his right to both a hearing and to counsel. However, he waived these rights and agreed to add both a no alcohol condition and a home confinement condition for 90 days, with electronic monitoring. The signed waiver form is attached for the Court's review.  Nicholas is at a crossroads where, if he goes one way, he could obtain the treatment he so desperately needs, or he could end up back in prison due to his addiction and disregard for the Court's orders.

Therefore, it is respectfully recommended the offender's conditions be amended to reflect an alcohol abstinence condition and the condition for 90 days home confinement with electronic monitoring, as an intermediate sanction to address his violations.  Nicholas shall assume all costs associated with the location monitoring as directed by the probation officer.

RE: Matthew Nicholas

Prob12B
D/NV Form
Rev. June 2014

Should the Court have questions or concerns, the undersigned can be contacted at (702) 527-7272.

                                          Respectfully submitted,

*Tawni Lea Salem* FOR  Tawni Lea Salem
2016.04.25 12:56:57 -07'00'

Sunny R. Cascio
United States Probation Officer

Approved:

*Todd Fredlund* For  Todd Fredlund
2016.04.25 12:43:59 -07'00'

Robert Aquino
Supervisory United States Probation Officer

## THE COURT ORDERS

☐  No Action.

☐  The extension of supervision as noted above.

☒  The modification of conditions as noted above

☐  Other (please include Judicial Officer instructions below):

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

_____
Signature of Judicial Officer

_April 28, 2016_____
Date